IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

RAUL RICARDO TERAN, et al.,

Defendant.                                              No. 07-30136-DRH

ORDER

**HERNDON, Chief Judge:**

Before the Court is Defendant Raul Ricardo Teran's motion for continuance (Doc. 403). Defendant argues that his attorney was appointed in July and he has received over 1,500 documents as well as additional discovery recently provided by the Government and his attorney needs additional time in order to go over the documents and prepare for trial. The Government does not object to the motion. The Court, being fully advised in the premises, finds that Defendant Teran needs additional time to prepare for trial.

The Court **GRANTS** Defendant Teran's motion for continuance (Doc. 403). The Court **CONTINUES** the jury trial scheduled for October 5, 2009 until **November 30, 2009 at 9:00 a.m.** This continuance of trial applies to all non-moving Defendants as well. *United States v. Baker*, 40 F.3d 154, 159 (7th Cir. 1994) ("'Under § 3161(h)(7), the excludable delay of one defendant may be ascribed to all defendants in the same case, absent severance.'") (quoting *United States v. Tanner*, 941 F.2d 574, 580 (7th Cir. 1991), cert. denied, 502 U.S.

**1102, 112 S. Ct. 1190, 117 L.Ed. 2d 432 (1992)).**

In continuing the trial, the Court notes that one of the co-defendants, Jesus Manuel Saavedra, remains a fugitive. Saavedra is still at large and has not yet been arraigned. Further, no motion for severance of the remaining defendants has been filed or granted in this case, meaning all Defendants adhere to the same Speedy Trial Act count. Therefore, in actuality and the state of the law is that the Speedy Trial "clock" does not begin to run until the last co-defendant is arraigned, in this case, as there is one fugitive, the 70-day window for conducting this trial has not yet come into play under the Speedy Trial Act. *See United States v. Larson*, **417 F.3d 741, 745 n.1 (7th Cir. 2005) ("In the typical joint trial, the Speedy Trial clock begins when the last co-defendant is arraigned.") (citing** *United States v. Baskin-Bey*, **45 F.3d 200, 203 (7th Cir. 1995);** *Henderson v. United States*, **476 U.S. 321, 323 n.2 (1986); 18 U.S.C. § 3161(h)(7);** *United States v. Souffront*, **338 F.3d 809, 835 (7th Cir. 2003) (The Court found that the seventy-day clock commenced the day a fugitive-also the final co-defendant in the case - was arraigned).** Since the Speedy Trial clock has not begun to run, there is no need to account for exclude time due to trial delays, such as when a trial is continued.

However, in the alternative to the finding that the Speedy Trial clock has yet to commence, the Court states that the reasons stated in the motion to continue justify reasons for granting a continuance and excluding time under the Speedy Trial

Act.  The Court finds that pursuant to **18 U.S.C. § 3161 (h)(7)(A)**, the ends of justice served by the granting of such a continuance outweigh the best interest of the public and *all* Defendants in a speedy trial.  To force a Defendant to trial without adequate time to prepare would constitute a miscarriage of justice.  Therefore, the Court *alternatively* finds reasons for granting a continuance as sought in the motion (Doc. 403).  The Court hereby **CONTINUES** the jury trial *as to all Defendants* scheduled for October 5, 2009 until **November 30, 2009 at 9:00 a.m.**  The time from the date Defendant's motion was filed, September 18, 2009, until the date on which the trial is rescheduled, November 30, 2009, is excludable for purposes of a speedy trial.

Should either party believe that a witness will be required to travel on the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 21st day of September, 2009.

/s/     *DavidRHerndon*

**Chief Judge**
**United States District Court**